UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH ANTWAN ARTIS,

    Plaintiff,

v.

    Case No. 1:25-cv-624

    Hon. Hala Y. Jarbou

KRISTIN KUIPER and CHERRY
HEALTH SERVICES,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Kenneth Artis sued his nurse practitioner, Kristin Kuiper, and the medical facility at which she works, Cherry Health Services, for allegedly violating his rights to due process and under the Americans with Disabilities Act (ADA), as well as for their putative negligence. The magistrate judge tasked with screening Artis's in forma pauperis complaint recommended dismissing it for failing to state a claim on the first two counts. Over Artis's objections (Objs., ECF No. 6), the Court adopts the magistrate judge's report and recommendation (R&R, ECF No. 5), except that it dismisses the negligence count in the exercise of its discretion not to take supplemental jurisdiction over that state-law claim.

### I.    LEGAL STANDARD

This Court is obliged to "determine de novo any part of" a magistrate judge's report and recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). That determination must be made based on the Court's "own review of the evidence" supporting the magistrate judge's findings. *McCombs v. Meijer, Inc.*, 395 F.3d 346, 360 (6th Cir. 2005). The Court may then

"accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when the plaintiff fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id*. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

## II.    ANALYSIS

Artis raises three main objections to the R&R: he says the magistrate judge erred in finding that he did not adequately allege state action, in recommending dismissal of his due-process claim as a result, and in construing his ADA claim as one brought under Title III rather than Title II of the statute.[1] All three objections fail.

---

[1] Artis also objects to the magistrate judge's finding that the due-process and ADA claims were not premised on plausible allegations of fact. Because the factual sufficiency of the allegations can only be evaluated with reference to the causes of action Artis invokes, this last objection is not separately addressed.

A.     **State Action**

Artis says that Cherry Health is a state actor because it is subject to federal regulation and receives federal funding, and he says Kuiper is a state actor because she controlled provisioning of his Medicaid enrollment and benefits.  This objection can be dispensed with quickly: the R&R anticipated it and correctly concluded that public funding and regulation do not transform a healthcare provider into a state actor.  *See Moore v. Mich. Dep't of Corr.*, No. 1:10-cv-810, 2010 WL 3505454, at *2 (W.D. Mich. Sept. 7, 2010); *Burton v. William Beaumont Hosp.*, 347 F. Supp. 2d 486, 499 (E.D. Mich. 2004) (collecting cases).

Artis analogizes between the control over medical services exercised by a provider under contract to give medical care to prisoners and the control a provider who takes Medicaid exercises over a Medicaid recipient.  The analogy is unsuccessful.  The critical difference is that in the prison context, a medical provider is providing services the government would otherwise have to provide itself.  A state has the "constitutional duty to provide adequate medical treatment to those in its custody," *West v. Atkins*, 487 U.S. 42, 56 (1988); when a private medical provider discharges that "affirmative obligation" in the state's stead, *id.*, it takes on the accompanying liability for doing so unconstitutionally.  This reasoning cannot be extended to the government's provisioning of health insurance through Medicaid.  States have no constitutional obligation to offer healthcare to their citizens, so medical professionals who receive state funding to provide healthcare do not, by doing so, discharge an affirmative duty on the state's behalf.

Nor did Kuiper "exercise authority tied to" Artis's Medicaid enrollment, as Artis put it in the complaint.  (Objs. at PageID.23–.25.)  *If* Kuiper had been acting on behalf of the government, then it is possible Artis could have stated a claim under Title II of the ADA (which only applies to state actors), *see United States v. Georgia*, 546 U.S. 151, 159 (2006), or the Due Process Clause, *see Rosen v. Goetz*, 410 F.3d 919, 928 (6th Cir. 2005).  But she was not, at least so far as providing

3

health care is concerned.  Kuiper did not deny Artis Medicaid benefits by refusing to treat him—the benefits are presumably still available to Artis, but he has to obtain them through a provider willing to take him on as a patient.  Nor is it alleged Kuiper had any control over the Medicaid enrollment rolls, which also would have made her a state actor.  *Cf. Hamby v. Neel*, 368 F.3d 549, 562 (6th Cir. 2004) (affirming summary judgment against Tennessee finance commissioner for due-process violations in Medicaid application denial); *Salazar v. District of Columbia*, 954 F. Supp. 278, 326–27 (D.D.C. 1996) (finding District of Columbia liable for failing to give Medicaid recipients adequate notice before terminating benefits).  Artis simply does not allege facts that would allow characterization of Kuiper or Cherry Health as state actors.  Consequently, his first objection fails.

**B.     Due-Process and ADA Claims**

The absence of a government defendant dooms Artis's other objections, both of which assume one's presence.  It is elementary that only state action can violate the Due Process Clause, *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295–96 (2001); *Newsom v. Vanderbilt Univ.*, 653 F.2d 1100, 1113 (6th Cir. 1981), so the fact that neither Cherry Health nor Kuiper are state actors means his objection to the recommended dismissal of that claim can be set aside without further ado.  The same is true of Artis's objection that the R&R erroneously characterized his ADA claim as arising under Title III of the statute, which prohibits discrimination against persons with disabilities in places of public accommodation, instead of Title II, which imposes the same equal-treatment norm on states and their agencies: neither Defendant is a state actor, so neither can be liable under Title II.  *See Y.A. ex rel. Alzandani v. Hamtramck Pub. Schs.*, 137 F.4th 862, 870 (6th Cir. 2025) ("Title II allows a person to sue a State for what the State does . . . .").  That renders Artis's objection self-defeating.

Artis's ADA claim does not survive even if, contrary to his emphatic denial, it arises under Title III. Artis's claim can be construed as alleging either that Cherry Health discriminated against him because of his disability by not waiving its requirement that he establish his prior treatment history before being prescribed his usual medications, or that refusing to waive the requirement amounted to failing to reasonably accommodate him. *McPherson v. Mich. High Sch. Athletic Ass'n*, 119 F.3d 453, 460 (6th Cir. 1997); *cf. Keller v. Chippewa Cnty.*, 860 F. App'x 381, 385 (6th Cir. 2021) ("We recognize two types of claims under Title II of the ADA: (1) failure-to-accommodate claims and (2) intentional-discrimination claims."). But Artis doesn't plausibly allege that his disabilities prevented him from complying with Cherry Health's normal policy,[2] *see Berardelli v. Allied Servs. Inst. of Rehab. Med.*, 900 F.3d 104, 115 (3d Cir. 2018) (noting that an accommodation must be "necessary 'to assure meaningful access'" (quoting *Alexander v. Choate*, 469 U.S. 287, 301 (1985))), nor does he state that he asked for the policy to be excused in his case, *see Marble v. Tennessee*, 767 F. App'x 647, 652 (6th Cir. 2019) (requiring accommodation request in Title II case). Still less does he allege he was denied his preferred treatment because of his disability.[3] Artis's ADA claim fails on any creditable interpretation.

---

[2] That Artis could submit evidence of his prior treatment is indicated by the records appended to his objections to the R&R, which show that he could access at least his pharmacy history. (ECF No. 6-1 at PageID.31.)

[3] The records appended to Artis's objections also cast doubt on his allegation that he was denied care because he could not establish prior treatment. According to Artis's patient plan, Cherry Health checked the Michigan Automated Prescription System and confirmed Artis's medication history. The notes on the plan suggest that Cherry Health wanted to receive the results of Artis's urine drug sample before refilling his prescriptions. Requiring proof that a patient is using controlled substances as indicated is not discrimination based on disability, at least not the disabilities Artis alleges he lives with. That distinguishes this case from a recent Second Circuit decision holding that drug testing of those with substance-abuse disorder could be discriminatory if it was rooted in animus. *See Costin v. Glens Falls Hosp.*, 103 F.4th 946, 955–56 (2d Cir. 2024). By contrast, it suggests the belonging of this case to a type that this Court has recognized does not give rise to an ADA claim: when "the handicapping condition is related to the condition to be treated." *Mitchell v. Ouellette*, No. 1:23-cv-315, 2023 WL 3559695, at *6 (W.D. Mich. May 19, 2023) (cleaned up) (quoting *United States v. Univ. Hosp.*, 729 F.2d 144, 157 (2d Cir. 1984)). *But see Lasko v. Mobile Hyperbaric Ctrs.*, No. 1:19-cv-542, 2021 WL 733768, at *25 (N.D. Ohio Feb. 25, 2021) (distinguishing between ADA challenge to "the quality of care" and its outright denial because of a patient's disability).

### C. Supplemental Jurisdiction

Given the dismissal of Artis's federal claims, the Court declines to exercise supplemental jurisdiction over his claim of "medical negligence and ethical misconduct." (Am. Compl. at PageID.2.) The state courts are in the best position to determine if that claim is cognizable as a malpractice claim under state law. *Henry v. Blank*, No. 1:25-cv-113, 2025 WL 1903780, at *4 (W.D. Mich. July 10, 2025). No contrary consideration, such as avoiding the costs of duplicating preliminary proceedings in state court or the advanced state of the proceedings in this one, counsels in favor of retaining jurisdiction over Artis's state-law claim. *Packard v. Farmers Ins. Co. of Columbus*, 423 F. App'x 580, 584–85(6th Cir. 2011). The claim will therefore be dismissed without prejudice.

### III. CONCLUSION

**IT IS ORDERED** that the report and recommendation (ECF No. 6) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Counts I and II of the complaint are **DISMISSED** for failure to state a claim.

**IT IS FURTHER ORDERED** that Count III of the complaint is **DISMISSED** without prejudice because the Court declines to exercise supplemental jurisdiction in the absence of a viable federal claim.

A judgment consistent with this order will issue.

Dated: July 22, 2025                /s/ Hala Y. Jarbou
                                    HALA Y. JARBOU
                                    CHIEF UNITED STATES DISTRICT JUDGE